UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| V. | § | 5:05-CR-8 |
| | § | |
| STEVEN L. THOMPSON | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

On October 30, 2012, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Craig Henry.

Steven Thompson ("Defendant") was sentenced on May 17, 2006, before The Honorable David Folsom of the Eastern District of Texas after being found guilty of the offense of Possession with Intent to Distribute More than 5 grams of Cocaine Base (3 counts), a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 32 and a criminal history category of III, was 151 months to 188 months. The Court found that Defendant's criminal history category substantially over-represented the seriousness of Defendant's criminal history, due to a prior misdemeanor conviction, and departed downward to a criminal history category I pursuant to USSG 4A1.3(b)(1). Therefore, the guideline imprisonment range, based on a total offense level of 30 and a criminal history category of I, was 97 to 121 months. Defendant was subsequently sentenced to 121 months imprisonment followed by a four-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse aftercare and a $300.00 special assessment fee.

On September 28, 2009, a motion filed by Defendant for a sentence reduction pursuant to 18

U.S.C. § 3582(c)(2) was granted, reducing the sentence from 121 months to 97 months. An Amended Judgment of Conviction was entered, reducing the previously imposed sentence from a period of imprisonment of 121 months to a term of imprisonment of 97 months, followed by the four-year term of supervised release.

On October 19, 2011, a motion filed by Defendant for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) was granted, reducing the sentence from 97 months to 78 months. An Amended Judgment of Conviction was entered, reducing the previously imposed sentence from a period of imprisonment of 97 months to a term of imprisonment of 78 months, followed by the four-year term of supervised release. Defendant's total offense level was found to be 26 with a criminal history category of III. On November 1, 2011, Defendant completed his period of imprisonment and began service of the supervision term.

In its petition to revoke, the Government alleges Defendant violated the following conditions:

1) **Defendant refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician**. Specifically, the Government alleges on March 21, 2012; March 30, 2012; May 10, 2012; May 16, 2012; May 31, 2012; July 3, 2012; July 13, 2012; July 23, 2012; August 3, 2012; August 8, 2012; August 16, 2012; August 21, 2012; August 27, 2012; August 31, 2012; September 7, 2012; September 12, 2012; September 17, 2012; September 21, 2012; and September 26, 2012, Defendant provided urine specimens which tested positive for marijuana. Lab results confirmed the positive tests.

The Government further alleges that during a home visit on May 18, 2012, Defendant admitted to using marijuana on March 30, 2012 and May 10, 2012. The Government further alleges

that during an office visit on June 21, 2012, Defendant admitted to using marijuana on June 16, 2012 and that during an office visit on October 2, 2012, Defendant admitted to using marijuana on July 8, 2012 and September 27, 2012.

The Court scheduled a revocation hearing October 30, 2012. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the first allegation. Based upon Defendant's plea of true to the first allegation, the Court found Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended that the term of supervised release be revoked and the sentence, which was agreed upon by the parties, be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven (7) months, with no term of supervised release to follow said term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the first allegation be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven (7) months, with no term of supervised release to follow said term of imprisonment.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections. Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any

additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 30th day of October, 2012.**

                                                            CAROLINE M. CRAVEN
                                                            UNITED STATES MAGISTRATE JUDGE